IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. JFM-15-0041 |
| COLBY STREET | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO SEARCH WARRANT

Defendant Colby Street, by and through his undersigned counsel, hereby moves this Honorable Court to suppress certain evidence pursuant to the Fourth Amendment to the U.S. Constitution.  Specifically, Mr. Street moves to suppress any evidence seized from a residence at 4702 Vancouver Road, Baltimore, Maryland, on October 1, 2014.  In support of this motion, Mr. Street states as follows.

1.      Mr. Street is charged via indictment with one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §841(a)(1) and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g)(1).  He was arraigned on these charges on March 27, 2015.

2.      According to discovery provided by the government,[1] Judge Lipman of the District Court of Baltimore City signed a search warrant on September 25, 2014, authorizing Baltimore City police officers to search the residence at 4702 Vancouver Road, Baltimore, Maryland.  Police officer Michael McNish authored the affidavit in support of that search warrant.  A team of Baltimore City police officers then executed the search on the morning of October 1, 2014, when, according to police reports, Mr. Street and his mother and grandmother

---

[1] See Exhibit A (search warrant materials).

were inside the home.  Per the police reports, officers took from the residence the heroin and firearm underlying the charges in this case.  Mr. Street was arrested at that time.

3.      Officer McNish's affidavit in support of this search warrant, which is attached, lays out four paragraphs in support of his argument that there was probable cause to search the residence at 4702 Vancouver Road in Baltimore.  Those four paragraphs center around one confidential informant (CI) who supposedly engaged in one encounter relevant to the petition for a warrant.  That one encounter apparently involved a transaction between the CI and a black male who is not Mr. Street but was standing near Mr. Street, in a location outdoors, behind 4702 Vancouver Road.  Essentially, officers apparently observed the CI speak to the other black male; then they observed Mr. Street speak with the black male; then the black male approached the CI and engaged in a hand-to-hand transaction; and then the black male and Mr. Street walked toward the rear of 4702 Vancouver Road.  Mr. Street is not, in the affidavit, alleged to have done anything beyond what is described above.  Further, none of the people described are said to have entered the house at 4702 Vancouver Road or taken anything from its property or premises.

4.      Based on this, Judge Lipman of the District Court of Baltimore City signed a warrant to search the occupied residence at 4702 Vancouver Road.  There was insufficient evidence to support the Judge's finding of probable cause for the warrant.  The affidavit, attached as part of Exhibit A, is based on one alleged encounter between a CI and a person who is not Mr. Street in an area that was not inside the property at 4702 Vancouver Road.  There was no further investigation noted in the affidavit; the information from this one alleged encounter is thus uncorroborated by any other investigation or information.

5.      It is the duty of the judge to whom a search warrant application is made to examine the totality of the circumstances in order to determine the existence of probable cause

2

before issuing a warrant.  Indeed, such a judge must, "given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, [determine if] there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (citing *Jones v. United States*, 362 U.S. 257, 271 (1960)).  In this case, there was insufficient reliable information in the affidavit to support the issuance of the warrant, and this Court is responsible for reviewing it accordingly:  "[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others. In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued." *Id*. at 239.

6.    The importance of corroboration in affidavits presented by law enforcement – particularly when they rely heavily on the unsupported account of one person – has been emphasized by the Supreme Court as well as the Fourth Circuit.  *See, e.g., Jones v. United States*, 362 U.S. 257 (1960); *Draper v. United States*, 358 U.S. 307 (1959); *United States v. Wilhelm*, 80 F.3d 116 (4th Cir. 1996); *United States v. Lalor,* 996 F.2d 1578 (4th Cir. 1993).  The quality and quantity of information included in the affidavit in this case did not support a finding of probable cause, and was insufficient to justify the invasion of privacy guaranteed by the Fourth Amendment.  Officer McNish's affidavit in support of the warrant to search the residence at 4702 Vancouver Road in this case was factually and legally insufficient, and this Court should thus suppress any evidence recovered pursuant to that search.  This includes physical evidence, including the drugs and weapon underlying the charges in this case, as well as any statements allegedly made by Mr. Street in response to the officers' presence in the home and search of it.

WHEREFORE, Mr. Street respectfully requests that this Court grant an Order of Suppression on the grounds alleged herein and any other grounds that may become apparent upon a hearing on the motion.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
PREMAL DHARIA #98380
Assistant Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland  21201
Phone: (410) 962-3962
Fax: (410) 962-0872
Email: Premal_Dharia@fd.org

## **REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a hearing is requested on the defendant's Motion.

_____/s/_____
Premal Dharia